886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
Edward JOHNSTONE; U.S. Government, Defendants-Appellees.
 No. 89-5206.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Merton Bond, a Kentucky prisoner proceeding pro se and in forma pauperis, appeals the order dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond complained that United States District Court Judge Edward Johnstone "denied [his] constitutional rights by compounding the misdeeds of [U.S. Magistrate] George J. Long and misused his office to do so." Bond sought four million dollars in damages.
 
 
 3
 The district court dismissed Bond's claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we find no error. Although the court dismissed the plaintiff's complaint pursuant to Sec. 1915(d) and Malone v. Coyler, 170 F.2d 258, 260-61 (6th Cir.1983), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the case is nevertheless "frivolous" under the newly announced standard set forth in Neitzke v. Williams, 109 S.Ct. 1827 (1989), and was thus properly dismissed as frivolous. In Neitzke, the Supreme Court addressed the scope of section 1915(d). In discussing the reach of this section, the Court stated that "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neitzke, 109 S.Ct. at 1833.
 
 
 5
 Bond's claim is based on an indisputably meritless legal theory. Judge Johnstone has absolute immunity from monetary liability in this case as the conduct forming the basis of this suit was clearly conducted in the judge's judicial capacity. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967).
 
 
 6
 Accordingly, for the reasons set forth in the district court's memorandum dated February 13, 1989, the order dismissing Bond's complaint is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.